```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM E. FOSTER, SR.,           :
                                  :
          Plaintiff               :
                                  :
     v.                           :     CIVIL NO. 3:CV-02-0766
                                  :
ROBERT MORRIS, ET AL.,            :     (Judge Conaboy)
                                  :
          Defendants              :
_____
```

## MEMORANDUM AND ORDER
### Background

William E. Foster, Sr., an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. By Order dated July 22, 2004, this Court granted Plaintiff leave to file an amended complaint which identified John/Jane Doe Defendants which were named in the original complaint.

Named as Defendants in Plaintiff's subsequently filed amended complaint (Doc. 82) are Franklin County, Pennsylvania; the Borough of Chambersburg and former Mayor Robert Morris, as well as current Mayor Thomas l. Newcomer; the Franklin County Prison, ex-Warden Ray Rosenberry and eight (8) members of the prison Board of

Trustees.[1]  The Plaintiff is also proceeding against the Honorable Douglas W. Herman of the Franklin County Court of Common Pleas.

Plaintiff describes himself as being a partial paraplegic and "wheelchair bound individual."[2]  Doc. 82, ¶ 15.  Foster states that he was transferred from the handicapped accessible SCI-Mahanoy to the Franklin County Prison on or about October 18, 1999.  He alleges that the Defendants had full knowledge that he was wheelchair bound and that the prison was not in compliance with the Americans with Disabilities Act (ADA).  Therefore, he contends that Defendants were deliberately indifferent to his medical and physical needs in that they failed to provide handicapped accessible accommodations at the Franklin County Prison.

Plaintiff adds that his wheelchair would not fit into his cell and the toilet and shower lacked grab bars.  Furthermore, Foster allegedly fell on November 1, 1999 while trying to use the shower and was thereafter forced to use the sink in his cell as his sole means of bathing.

The amended complaint adds that since Defendants were aware that the prison was not handicapped accessible, their failure to relocate Plaintiff to a prison having handicapped accessible facilities likewise constituted deliberate indifference.  Foster

---

[1] Specifically, Robert Thomas, Cheryl Plummer, Carol Diller, R. Wollyung, John Nelson, John Eyler, Warren Elliott and John Hart.

[2] Plaintiff indicates that he only has use of the left side of his body.

also contends that Defendants' alleged actions violated the ADA and he includes pendent state law tort claims. His amended complaint seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Presently pending are two motions for summary judgment filed by the Defendants. <u>See</u> Docs. 87 & 90. Both motions raise identical arguments. The motions have been briefed and are ripe for consideration.

## **Discussion**

Defendants claim entitlement to an entry of summary judgment on the grounds that Plaintiff's amended complaint is barred by the applicable statute of limitations. Alternatively, they argue that Foster failed to exhaust his available administrative remedies.

## **Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law"

3

> because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party."  Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

**Statute of Limitations**

Defendants argue that any claim predating July 16, 2000 is barred by Pennsylvania's applicable statute of limitations.  Foster counters that his complaint should be deemed timely filed under the

continuing violation doctrine. Doc. 90, ¶ 7. He further maintains that Defendants' statute of limitations argument should not be entertained because it was previously raised and rejected by this Court.

By Memorandum and Order dated May 27, 2003, this Court denied an earlier request by the Defendants for dismissal based on the statute of limitations defense. See Doc. 45, p. 6. Specifically this Court, noting Foster's pro se status, concluded that "the amended complaint is "arguably seeking relief under a continuing violation theory." Id. Consequently, based on Defendants' failure to address the issue of a continuing violation theory, the request for dismissal under the statute of limitations was denied. The Memorandum and Order did not preclude the Defendants from reasserting their statute of limitations argument. Since this Court's prior determination was not premised on a merits analysis but, rather on the parties' failure to address the continuing violation doctrine, Defendants' reassertion of the statute of limitations defense in a manner which adequately addresses the continuing violation doctrine is appropriate.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The ADA does not contain a specific statute of limitations. However, as with § 1983 claims, it has been recognized that the applicable statute of limitations for ADA claims is the forum state's personal injury statute. See Estrada v. Trager, 2002 WL 31053819 (E.D. Pa. Sept. 10, 1992); McMenamin v. Philadelphia, 2000 WL 873321 (E.D. Pa. June 13, 2000). As previously observed, Pennsylvania's applicable personal injury statute of limitations is two (2) years.

Defendants incorrectly claim that Plaintiff's original complaint was filed July 16, 2002. On the contrary, Foster's original complaint was filed on May 6, 2002. More importantly, Plaintiff signed and dated the original complaint on May 3, 2002.

In Houston v Lack, 487 U.S. 266 (1988), the United States Supreme Court established that a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court. This "mailbox rule" resulted from the Court's concern that prisoners had no choice but to rely upon prison authorities for the filing of their legal papers. The Court in Houston also noted that if a question regarding timeliness of a filing date arises, a prisoner would not likely be able to establish that prison staff were responsible for any delays in the filing of such papers. See id. at 271. Pursuant to the standards announced in Houston, Foster's complaint will be deemed filed as of May 3, 2002.

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A § 1983 claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.

Plaintiff's allegations of a long term deliberate indifference to his need for handicapped accessible accommodations could indicate a continuous or ongoing violation of his rights. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. National R.R. Passenger Corp. V. Morgan, 536 U.S. 101 (2002); Brenner v. Local 514, 927 F.2d 1283, 1295 (3d Cir. 1991).

This Court's May 27, 2003 decision correctly determined that Plaintiff's claims accrued on November 1, 1999 and that the statute

7

of limitations began to run on that date.  See Doc. 45, p. 5. With respect to the issue of the continuing violation theory, the undisputed record as developed by the Defendants establishes that Plaintiff has been housed at SCI-Mahanoy since 1994.  Between 1997 and 2001, Foster was temporarily transferred on different occasions to the Franklin County Prison in order to attend court proceedings. His longest period of incarceration at the Franklin County Prison during said period lasted approximately 2-3 months.  Since Plaintiff was housed at the Franklin County Prison on a sporadic and temporary basis, this Court finds that the continuing practice doctrine is not applicable in this case.

Consequently, since the Plaintiff's present claims accrued in October-November, 1999 and his present action was not initiated until May, 2002, all of his present claims are clearly time barred. Entry of summary judgment on the basis of Defendants' statute of limitations argument is appropriate.

**Administrative Exhaustion**

Defendants alternatively assert that Plaintiff failed to exhaust his available administrative remedies with respect to his present claims.  Based on the non-exhaustion of those claims, they claim entitlement to entry of summary judgment.  Plaintiff's opposing brief asserts that he initiated request slips regarding the lack of handicapped accessible facilities in 1997, 1999 and 2001.  See Doc. 90, ¶ 5.  He adds that the Franklin County Prison only has an informal grievance system.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense. See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(failure to exhaust administrative remedies is an affirmative defense in a Title VII case). Consequently, a prisoner does not

have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. Id.; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

Based on documents submitted by the Defendants, this Court is satisfied that the Franklin County Prison had a formal appropriate administrative grievance procedure in place during the relevant time period of this action. Doc. 94, Exhibit C-1. Thus, Plaintiff's argument that a formal grievance procedure did not exist lacks merit. Second, Plaintiff contends that he filed grievances in 1997, 1999, and 2001. It is initially noted that any grievance filed in 1997 clearly pre-dates the relevant period of this action. Foster's October 21,1999 grievance regarded a financial dispute with prison officials. Doc. 88, Exhibit D. Plaintiff's April 18, 2001 grievance concerned discovery of a weapon in the cushion of a wheelchair. Doc. 94, Exhibit E.

As demonstrated above, the three grievances cited by Foster are irrelevant for purposes of determining if his present conditions of confinement claims were administratively exhausted. Furthermore, although Foster also apparently filed a request for an additional mattress (which was granted), that request is equally immaterial. In conclusion, based on the record Foster failed to initiate any grievance at the Franklin County Prison regarding

either the lack of handicapped accessible accommodations in 1999 or his November, 1999 fall while showering.

Accordingly, in light Foster's demonstrated failure to file and exhaust an administrative grievance regarding his present claims, entry of summary judgment with respect to Defendants' non-exhaustion argument is also appropriate.

**Mootness**

It is additionally noted that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). Thus, for example, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

11

In his deposition testimony, Foster acknowledges that he has not been confined at the Franklin County Prison since 2001. See Doc. 88, Exhibit B-1, N.T. 53. In his opposing brief, Plaintiff additionally notes that the Franklin County Prison no longer houses prisoners who are confined to wheelchairs. Doc. 90, p. 3. Foster is no longer confined at the Franklin County Prison and there is no reasonable probability that he will be returned to that correctional facility in the foreseeable future.

Consequently, since Plaintiff is not suffering any apparent continuing adverse effects as a result of his prior temporary periods of confinement at the Franklin County Prison, his complaint to the extent that it seeks injunctive and declaratory relief is subject to dismissal on the basis of mootness under the standards set forth in Rosenberg and Wahl. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 22nd DAY OF SEPTEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. Defendants' pending summary judgment motions (Docs. 87 & 90) are granted.
2. Plaintiff's present claims are subject to dismissal under Pennsylvania's applicable statute of limitations and for failure to exhaust administrative remedies.
3. The Clerk of Court is directed to close the case.

      4.    Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

          <u>S/Richard P. Conaboy</u>
          RICHARD P. CONABOY
          United States District Judge